BOWKER v. HAIGHT & FREESE CO. (Circuit Court, S. D. New York, October 28, 1907.) See 147 Fed. 923. Wm. P. Maloney, for complainant. Franklin Bien, for defendant. ...

LACOMBE, Circuit Judge. When this action was begun, it appeared that upon suit of another creditor, similarly situated, a temporary receiver had been appointed by the United States Circuit Court in the District of Massachusetts. A like appointment was made here, and no appeal to review that order appears to have been prosecuted; such temporary receivers taking possession of such property of the defendant as could be found in this jurisdiction. The cause came on here for argument at final hearing on pleadings and proofs very early in the present year. There has been such long delay in deciding it, because at the hearing it appeared that the court in Massachusetts had made a decree holding the defendant to be insolvent and appointing a permanent receiver to marshal and distribute its property and effects, and further appeared that an appeal had been taken by defendants from that decree. It seemed wise to await the determination of that appeal. The result has been an affirmance of the Massachusetts decree. The parties plaintiff in the two suits are not identical; but each suit was brought in behalf, not only of the named plaintiff, but also of all other creditors similarly situated. The decree in the Massachusetts circuit being now affirmed, this court will enter a similar one, adjudging that the defendant is insolvent and that the present receivers be made permanent. The decree will provide that all claims of residents of this state, which have not been already passed upon in Massachusetts, be passed upon here, and, after approval or rejection, be transmitted to the receiver of the court in Massachusetts. The special master, in passing upon any disputed claims, will conform his rulings to those already made in like cases by the special master in Massachusetts. After deducting the expenses of this receivership, which is practically ancillary, the residue **of the assets will be transmitted to Massachusetts for distribution there.**